**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

DARIUS TRAMAYNE WOOTEN                                         PLAINTIFF

v.                                             CIVIL ACTION NO. 1:16CV126-JCG

UNKNOWN DIXON, ET AL.                                        DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON
ELEVENTH AMENDMENT AND QUALIFIED IMMUNITY**

COME NOW, Defendants, Unknown Dixon, (in her official capacity only)[1] and Lt. Mitch Taylor, and submit for filing and the Court's consideration, this their Memorandum in Support of Motion for Summary Judgment Based on Eleventh Amendment and Qualified Immunity and in support thereof, would show unto the Court as follows:

**FACTUAL BACKGROUND**

At all times pertinent, Plaintiff was a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). Plaintiff alleges that while housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, he was assaulted by another inmate, Patrick Coleman, on November 25, 2015 at or about 4:35 a.m. [1]. Plaintiff alleges that Officer Dixon intentionally opened his cell door and allowed Coleman access to him [1]. Plaintiff alleges that Lt. Mitch Taylor arrived on the scene after the attack at around 6:30 a.m., and proceeded to lock the Plaintiff and his attacker in their respective cells [1]. Plaintiff alleges he was denied access to medical care until 10:30 a.m. by Lt. Taylor and Lt. Taylor also failed to document the attack. [1].

---

[1]Summary Judgment is not requested on behalf of Defendant Unknown Dixon as to any claims against her in her individual capacity. Based on Plaintiff's allegations that Defendant Dixon intentionally opened his cell so that Patrick Coleman could attack him, the undersigned believes that genuine issues of material fact exist regarding the failure-to-protect claim against Dixon.

## LEGAL ARGUMENT

### I.      Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir.1990). The existence of an issue of material fact is a question of law that the Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John v. Louisiana*, 757 F.2d 698, 708, 712 (5th Cir. 1985).

All facts are considered in favor of the non-moving party, including all reasonable inferences from those facts. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir.1995). There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *(Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73 (1990)), "unsubstantiated assertions", *(Hopper v. Frank*, 16 F.3d 92, 94 (5th Cir.1994)), or the presence of a "scintilla of evidence," *(Davis v. Chevron U.S.A., Inc*., 14 F.3d 1082, 1086 (5th Cir1994)), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little* at 1075.

The Plaintiff cannot meet his burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In considering a motion for summary judgment, a court must also determine whether the non-moving party's allegations are *plausible*. *Id*. (emphasis added). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (discussing plausibility of claim as a requirement to survive a motion to dismiss under Fed.R.Civ. P. 12(b)(6)).

In considering a motion for summary judgment, once the court "has determined the relevant set of facts and drawn all inferences in favor of the nonmoving party to the extent supportable by the record, [the ultimate decision becomes] purely a question of law." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (emphasis added in original). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment. *Id*. at 380.

## II.    Eleventh Amendment Immunity

To the extent that the Plaintiff has named these Defendants in their official capacities, Defendants are entitled to summary judgment as to such claims because the monetary damages the Plaintiff seeks are barred by sovereign immunity. The principle of sovereign immunity is reflected in the Eleventh Amendment, which precludes suits brought by private citizens against states in federal

3

courts unless the State has waived its immunity. U.S. Const. Amend XI; *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Mississippi has not waived its right to sovereign immunity. See Miss. Code Ann. §11-46-5(4) (1992) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). A state may waive its right to sovereign immunity only by "using the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction. *Sherwinski v. Peterson,* 98 F.3d 849, 852 (5th Cir.1996).

Sovereign Immunity extends to any state agency or entity deemed to be "an arm of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002). In this respect, it is well established that the Mississippi Department of Corrections is an arm of the State of Mississippi and it is cloaked with the State's Eleventh Amendment immunity from suit. *See  Williams v. Mississippi Dept. of Corrections*, 2012 WL 2052101 at * 1 -2  (S.D.Miss. 2012) ("MDOC is considered an arm of the State of Mississippi" and is immune under the Eleventh Amendment)*; Dandridge v. Mississippi*, 2009 WL 4940105, at 7 (S.D.Miss. 2009) (same).

As MDOC is an arm of the state, its officers and employees are, in fact, officers and employees of the state, and are likewise entitled to sovereign immunity from monetary damages in their official capacity. See *Am Bank and Trust Co. v. Dent*, 982 F.2d 917, 921 (5th Cir.1993)(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or  her official capacity. . . is no different from a suit against the State itself.")). Accordingly, Defendants Dixon and Taylor have immunity against Plaintiff's monetary damage claims against them in their official

4

capacity under Section 1983.[2]

## III.   Qualified Immunity

### A.      Defendant Taylor Is Entitled to Qualified Immunity

Plaintiff has named Defendant Lt. Mitch Taylor in his individual capacity. As an official of the Mississippi Department of Corrections whose positions involves the exercise of discretion, Defendant Taylor, in his individual capacity, is immune from suit pursuant to the doctrine of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In granting qualified immunity to officials, the Supreme Court is concerned not only with protecting officials from money judgments, but also with "the general costs of subjecting officials to the risks of trial - distraction of officials from their governmental duties, inhibition of discretionary action and deterrence of able people from public service." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). Further, the reason for granting qualified immunity to public officials is clear: "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence

---

[2]A single exception exists for suits against state officials in their official capacities for prospective injunctive relief only. *See, e.g., Ex parte Young*, 209 U.S. 123 (1908). The doctrine "applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought[.]" *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993)(internal citations omitted).

and without fear off consequences.'" *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), quoting *Harlow*, 457 U.S. at 819, 102 S.Ct. at 2739.

Courts evaluating the issue of qualified immunity should conduct the following two-prong test: 1) "whether a constitutional right would have been violated on the facts alleged" and 2) "whether the right was clearly established." *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (*en banc*) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). In the decision in *Pearson*, the Supreme Court clarified its holding in *Saucier v. Katz*, 533 U.S. 194 (2001), holding that "while the sequence [of the two-prong test] set forth [in *Saucier*] is often appropriate,  it should no longer be regarded as mandatory." *Pearson*, 129 S. Ct. at 818.

As stated by the Fifth Circuit in *Thompson v. Upshur County, TX*, 245 F.3d 447, 456 (5th Cir.2001) (quoting with approval from *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir.1997)): "Where, as here, a section 1983 defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden 'to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.' *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir.1992). We do 'not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs.' *Id*."

Consequently the plaintiff in a suit in which immunity is asserted "must shoulder the burden of pleading a prima facie case, including the obligation of alleging 'detailed facts supporting the contention that the plea of immunity cannot be sustained.'" *Lynch v. Cannatella*, 810 F.2d 1363, 1376 (5th Cir. 1987), quoting *Morrison v. City of Baton Rouge*, 761 F.2d 242, 245 (5th Cir. 1985). The Supreme Court explained the plaintiff's burden further: "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal

6

before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)).

**B.**     **Plaintiff Has Failed to Allege the Violation of Clearly Established Law**

The Plaintiff fails to meet his burden under the first prong of the qualified immunity inquiry, for failure to demonstrate a violation of a clearly established right as demonstrated below. "Once raised, a plaintiff has the burden to rebut the qualified immunity defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir.2005).

**(i)     No Deliberate Indifference By Lt. Taylor**

Plaintiff alleges that Lt. Mitch Taylor arrived on the scene after the attack at around 6:30 a.m., and proceeded to lock the Plaintiff and his attacker in their respective cells [1]. Plaintiff alleges he was denied access to medical care until 10:30 a.m. by Lt. Taylor[1]. In short, Plaintiff is alleging that Lt. Taylor was deliberately indifferent to his need for medical care in violation of the Eighth Amendment.

The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official acts with deliberate indifference "only if [ (A) ] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it."*Farmer*, 511 U.S. at 847, 114 S.Ct. 1970; see also *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir.1994). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001))."[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195

(5th Cir. 1993).

The Supreme Court has noted that a cause of action against non-medical personnel may exist if they exhibit deliberate indifference to a prisoner's serious illness. *Estelle v. Gamble*, 429 U.S. 97 (1976); see also *Reese v. Skinner*, 322 F.App'x 381 (5th Cir.2009)(finding inmate's claim that Warden forced him to work in the laundry room knowing it violated medical restrictions was sufficient to state a viable claim for deliberate indifference). However, the standards are rigorous and an "accidental or inadvertent failure to provide adequate care will not suffice." *Gamble v. Estelle*, 554 F.2d 653 (5th Cir.1977).  Plaintiff must show that Lt. Taylor evinced a "wanton disregard for any serious medical needs." *Davidson v. Texas Dep't of Criminal Justice*, 91 F.App'x 963, 964 (5th Cir.2004).

Further, to constitute deliberate indifference, Plaintiff must show that he was suffering from a "serious medical need" at the time of the alleged violation. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). " A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir.2006)(citation omitted).

Plaintiff's medical records from the day of the incident demonstrate that Plaintiff suffered facial contusions (i.e., bruises) and was experiencing pain to his right pinkie finger for which he was prescribed Acetaminophen (i.e., Tylenol). *See Ex. A to Motion*.  A subsequent x-ray of his right pinkie finger showed no injury. *See Ex. A to Motion*.

Based on the foregoing, there is no evidence that Plaintiff was suffering from a "serious medical need" when Lt. Taylor arrived on the scene.  There is no indication from the objective medical evidence that Plaintiff was bleeding, disoriented or in need of emergency medical treatment - only that

8

he was bruised.  Further, even if this Court were to find that Plaintiff's needs were serious, there is no evidence of a "wanton disregard" by Lt. Taylor and dismissal of Plaintiff's medical claim against Lt. Taylor is warranted.

**(ii)     No Violation For Failure to Document or Investigate**

Plaintiff's claim that Lt. Taylor failed to document the incident is also without merit. Construing such an allegation as a failure-to-investigate claim, such is not a constitutional violation. *Dehghani v. Vogelsang*, 226 F. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss.) (holding that claim for "failure to investigate" did not amount to a constitutional violation). Alternatively, if Plaintiff is alleging that this failure violated MDOC policy or constituted negligence, such also does not amount to a constitutional violation. See *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *McGowan v. Peel*, 2007 WL 710154, at *1-*2 (S.D. Miss. 2007).

**C.     Lt. Taylor's Actions Were Objectively Reasonable.**

Assuming, only for the sake of argument, that Lt. Taylor did violate a clearly established constitutional right, the court must then consider whether the Defendant's actions were "objectively reasonable" in light of "law which was clearly established at the time of the disputed action." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir.2004) (citations omitted). Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.1999). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would

understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir.2008). The unlawfulness of the Defendant's actions must have been readily apparent from sufficiently similar situations, but it is not necessary that the Defendant's exact act have been illegal. *Id*. at 236-37. An official's actions must be judged in light of the circumstances that confronted him, without the benefit of hindsight. *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In essence, a Plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir.1994). *Brown v. Callahan* 623 F.3d 249, 253 (C.A.5 (Tex.),2010).

What is important about the standard of conduct to determine qualified immunity is that it embodies "reasonableness". That is, "qualified immunity affords 'ample protection to <u>all</u> but the plainly incompetent or those who knowingly violate the law." *Id.* at 384. (*See also Malley v. Briggs*,475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1985)(holding that if officers of reasonable competence could disagree on the issue, immunity should be recognized); *Anderson v. Creighton* , 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987). It is well settled in the Fifth Circuit that a defendant's acts are deemed to be "objectively reasonable" unless all reasonable officials in the defendant's circumstances would have known that the conduct at issue violated clearly established law. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001). "Pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Pasco v. Knoblauch*, 566 F.3d 572, 578-579 (5th Cir.2009) citing *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir.1997).

An incident where a correctional officer mistakenly believes that emergency medical attention is not required for an inmate exhibiting only bruises after an assault, would clearly fall into the

category of events covered by qualified immunity. See *Presley v. City of Benbrook*, 4 F.3d 405, 409 (5th Cir.1993)(finding  that officer, who violated constitutional rights of plaintiff, was entitled to qualified immunity as "... an officer may make mistakes that infringe constitutional rights and yet not be held liable where, given unclear law or uncertain circumstances, it cannot be said that she knew she was violating a person's rights." citing *Anderson*, 483 U.S. at 642.).

As shown above, Plaintiff cannot demonstrate that Lt. Taylor acted objectively unreasonable and knowingly violated his rights.  Accordingly, Taylor is entitled to qualified immunity and dismissal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Lt. Mitch Taylor respectfully requests that the Court grant his  Motion for Summary Judgment and enter an order dismissing all claims against him with prejudice. Further, Defendant Unknown Dixon respectfully requests dismissal of any official capacity claims against her. Defendants pray  for such other general relief that the Court deems appropriate.

Respectfully submitted this the 17th day of October, 2017.

**OFFICER UNKNOWN DIXON AND LT.
MITCH TAYLOR, DEFENDANTS**

**JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

TOMMY D. GOODWIN
SPECIAL ASSISTANT ATTORNEY GENERAL
MS BAR NO.: 100791

BY: *s/Tommy D. Goodwin*
   TOMMY D.GOODWIN

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Email: TGood@ago.state.ms.us
Telephone: (601) 359-3680
Telefax: (601) 359-2003

<u>**CERTIFICATE OF SERVICE**</u>

I, Tommy D. Goodwin, Special Assistant Attorney General of the State of Mississippi, do

hereby certify that I have electronically filed the foregoing  with the Clerk of the Court using the

ECF system, and that I hereby certify that I have mailed, via United States Postal Service, first

class postage prepaid, a true and correct copy of the foregoing document in the above-styled and

numbered cause to the following non-ECF participant:

Darius Tramayne Wooten
#120098
WCCF
E Pod 201
P.O. Box 1889
Woodville, MS 39669
Pro Se

This, the 17th day of October, 2017.

*s/Tommy D. Goodwin*
Tommy D. Goodwin

12